IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**EDITH HAMMOND,**                                                                                 **PLAINTIFF**

v.                                **CASE NO.: 4:07 CV-00643 (JMM)**

**OZARK WAFFLES, L.L.C., d/b/a**                                                **DEFENDANT**
**WAFFLE HOUSE.**

## PROTECTIVE ORDER PURSUANT TO STIPULATION AND AGREEMENT

On this, the ___14___ day of December, 2007, the Court reviewed the stipulation and agreement for a Protective Order, and makes the following Orders:

1. Confidential Information, as later defined herein, obtained by any party in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons, as herein defined.

2. Confidential Information shall be deemed to include, without limitation:

(a) Those policies of the Company, time sheets, sign-in sheets, personnel files (including, but not limited to social security numbers, dates of birth, medical and financial information), salary history, and information and other matters now requested or hereinafter requested by the Plaintiff, from the Defendant relating to the operation and organization of the Defendant and such other information as may be deemed by this Court to be relevant or material herein.

(b) Any information concerning such as set forth in 2(a) herein above as may be, from time to time, produced by the Defendant to the Plaintiff herein and declared by the Defendant at the time of production to be "Confidential Information" and subject to this Order, such designation to be in writing and may be by letter of transmittal to the Plaintiff.

(c) Any personal information regarding the Plaintiff including, but not limited to social security numbers, dates of birth, medical and financial information, tax information

and any information regarding Plaintiff's personal or criminal history obtained from Plaintiff, her counsel or via a release signed by the Plaintiff or his counsel.

3. Except with the prior written consent of the Defendant, or pursuant to further Order of this Court on motion with notice to the Defendant, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include the Plaintiff, any future counsel of record for the Plaintiff in this action, and secretaries, para-professional assistants, experts and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action, court personnel, witnesses at trial or deposition, and the jury.

4. Any party to this action may designate as Confidential Information a document or discovery response produced after the entry of this Order by (a) stamping or labeling the document or interrogatory answer with the word "Confidential" or (b) advising the opposing party in writing at the time of production that certain documents or interrogatory answers are "Confidential."

5. In the event any party to this action disagrees with the designation of any information as Confidential Information, the party challenging the propriety of a confidentiality designation must notify the other party of its challenge in writing within 30 days of receipt of the confidential materials. Failure by either party to object to the confidentiality designation within the time prescribed will serve as a waiver of any subsequent objection. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court, who shall be permitted to conduct an *in camera* inspection of the confidential materials. The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.

6. The intent of this Order is to provide a mechanism by which the parties may protect confidential documents and information during the discovery process. Entry of this Order by the Court does not constitute an adjudication that any information provided pursuant to discovery is, in fact, confidential, and to the extent any dispute arises over whether information is, in fact, confidential, the burden of proving the confidential nature of the information shall be borne by the party making that claim.

7. This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. Three years following the conclusion of this action, including all appeals:

(a) Plaintiff and Plaintiff's counsel shall destroy all confidential information, including, correspondence, memoranda, notes or any other documents embodying such information, in whole or in part.

(b) Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding. Severe sanctions will attach to any person who discloses such in violation of this provision.

8. Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "Confidential Information" to remove such from the application of this Order.

9. Such Confidential Information as may be required to be filed with the Court and with the Clerk of this Court shall, upon approval from the Court, be filed under seal or as otherwise agreed upon by the parties. If permission is granted by the Court to file under seal, only the Court, Court personnel, and counsel for the parties shall have access to the sealed record in this proceeding until further Order of this Court.

10. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

IT IS HEREBY ORDERED.

_James M. Moody_
United States District Judge

APPROVED AS TO FORM:

/s/ James E. Patrick II
(*signed by counsel for Defendant with permission*)
JAMES E. PATRICK II, AR Bar No. 2001150
Attorney for Plaintiff
P.O. Box 128
Mayflower, Arkansas 72106
(501) 470-9300
(501) 224-1050 msg
(501) 223-9136 fax

/s/ Alan L. Rupe_____
Alan L. Rupe
Richard A. Olmstead
Attorneys for Defendant
KUTAK ROCK LLP
8301 E. 21st St. N., Suite 370
Wichita, Kansas 67206
(316)609-7900
(316)630-8021 (facsimile)